## Krouse v. South Hills Health System

Plaintiff filed a complaint against the original defendants on October 18, 1978. On December 4, 1978, defendant A. J. Brown, M.D., filed a complaint to join as additional defendant, the Kennywood Park Corporation, hereinafter referred to as Kennywood. Kennywood entered preliminary objections to the complaint to join additional defendant on December 28, 1978. We agree with the contentions of Kennywood and therefore hold that the preliminary objections are sustained and the complaint to join additional defendant is dismissed.

Plainitff's complaint against the original defendants claimed medical malpractice against them for the manner in which they treated and operated on plaintiff's injured left ankle. Plaintiff sustained the original fracture of this left ankle on the premises of Kennywood, which operates as an amusement park. The complaint to join additional defendant alleges that plaintiff slipped and fell, injuring his ankle on peanut shells negligently and carelessly left on the sidewalk. Defendant Brown thus contends that Kennywood is jointly or severally or solely liable to defendant Brown in the event that plaintiff recovers a verdict against Brown.

The case presented here can be disposed of based on the analogous situation that was present in Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 383 A. 2d 1295 (1978). In Gillette, a defendant-doctor who was charged with medical malpractice sought to join as an additional defendant, the brother of the deceased plaintiff who had caused the original injury by hitting his late brother in the head with a snowball. The Commonwealth Court affirmed the decision of the administrator dismissing the complaint to join additional defendant, basing its decision on the intent and purpose of the

Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.101 et seq.

The Commonwealth Court agreed with the administrator's construction of the term "nonhealth care provider." The Commonwealth Court stated "[o]ur close examination of the act . . . leads to the inevitable conclusion that the legislature never intended the Arbitration Panels for Health Care to pass upon questions other than that of medical malpractice." 383 A. 2d at 1298. In the instant case, defendant Brown's attempt to join the Kennywood Amusement Park is improper since Kennywood's activities were not kindred to those of a health care provider. Accordingly, we enter the following

### ORDER

And now, February 26, 1979, upon consideration of additional defendant Kennywood Park Corporation's preliminary objections to the complaint to join additional defendant filed by defendant A. J. Brown, M.D., it is hereby ordered and decreed that the preliminary objections are sustained and the complaint against Kennywood Park Corporation is dismissed.